**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-40816
Consolidated with
No. 01-40817

IMELDA T. RODRIGUEZ,

Plaintiff – Appellant,

VERSUS

BOARD OF TRUSTEES OF THE LAREDO INDEPENDENT SCHOOL DISTRICT; PAUL
CRUZ, In His Official and Individual Capacities,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas, Laredo Division

(L-99-CV-22)

March 25, 2003

Before JOLLY, DUHÉ, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Imelda Rodriguez, the former Assistant Superintendent for

Curriculum and Program Accountability of the Laredo Independent

School District ("LISD"), filed this suit against LISD and

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

Superintendent Paul Cruz under 42 U.S.C. § 1983 and the Texas Whistleblower Act, TEX. GOV'T CODE § 554.002. She alleged that Cruz and LISD retaliated against her in violation of her First Amendment rights and Texas law. More specifically, Rodriguez alleged that she was demoted for demanding strict compliance with standardized testing procedures, reporting deviations from those procedures, and recommending that the district adopt new methods for assessing student progress — actions that conflicted with Cruz's goal of raising test scores.

The district court dismissed Rodriguez's § 1983 claim against LISD and Cruz under Rule 12(b)(6). At a later stage, the district court granted LISD's motion for summary judgment on the Texas Whistleblower Act claim. For the reasons given by the district court, we find that Rodriguez failed to state a claim for municipal liability under § 1983 against LISD and that summary judgment was proper on the Whistleblower claim.[1] Therefore, we summarily affirm the district court's judgment on those matters. However, we reverse the district court's dismissal of Rodriguez's § 1983 First Amendment claim against Superintendent Cruz under Rule 12(b)(6) and remand for further proceedings.

Cruz's brief suggested that the district court granted summary

---

[1] See Rodriguez v. Laredo Indep. Sch. Dist., 82 F. Supp. 2d 679 (S.D. Tex. 2000) ("Rodriguez I") (dismissing § 1983 claims against LISD); Rodriguez v. Board of Trustees of the Laredo Indep. Sch. Dist., 143 F. Supp. 2d 727 (S.D. Tex. 2001) ("Rodriguez II") (granting summary judgment on the Texas Whistleblower claim).

judgment in his favor on the § 1983 First Amendment claim. However, the only issue before the district court at the summary judgment stage was the Texas Whistleblower Act claim.[2] After the district court dismissed Rodriguez's § 1983 claims, Rodriguez moved for reconsideration. On February 20, 2001, the district court indicated that it would grant the motion in part and treat the defendants' original motion to dismiss as one for summary judgment. The district court changed course, however, and denied the motion for reconsideration two months later. In its Memorandum and Order denying the motion, the court specifically noted that it was amending its February 2001 order and affirmed its earlier holding that Rodriguez failed to state a First Amendment claim.[3] In short, the record firmly establishes that we are reviewing a Rule 12(b)(6) dismissal. Because this case is before us on a 12(b)(6) dismissal, we refer only to the complaint for the facts.

## THE ALLEGATIONS

The complaint alleges that Paul Cruz became the LISD Superintendent in August 1998. Shortly after his appointment, Rodriguez met with him to discuss past testing irregularities (including the alleged disclosure of the writing prompt and the recent report of improper assistance at an elementary school), the

---

[2] See Defs. Mot. Summ. J. at 2 ("[T]he only remaining issue before this Court is plaintiff's state law whistleblower claim against LISD.").

[3] Rodriguez II, 143 F. Supp. 2d at 728 n.1.

use of pacing and its recent discontinuance, declining test scores, special education coding, and her insistence on strict compliance with testing regulations. During this initial meeting, Rodriguez recommended that the district administer other tests, including the Gates-McGinitie test for sixth-grade reading proficiency and the Terra Nova norm-referenced test, to verify the accuracy of the TAAS results and to assure that students were meeting national standards.

The complaint further alleges that in September 1998, Cruz denied Rodriguez permission to attend a meeting of administrators with curriculum responsibility. Cruz explained that another administrator would represent LISD at the meeting and that financial constraints would not permit him to approve more than one administrator for travel to any one event. The complaint alleges that Cruz's explanation was pretextual because he later permitted three administrators to travel to a band competition.

According to the complaint, Rodriguez continued to advocate for norm-referenced testing in the fall of 1998. But despite Rodriguez's advocacy, Cruz told LISD principals in October 1998 that he would not require norm-referenced testing. Soon thereafter, Cruz announced at a School Board committee meeting that test scores would improve significantly under his leadership, so much so that the LISD would qualify for "exemplary district" status within five years. The complaint alleges that this five-year prediction, along with the rejection of mandatory norm-referenced

testing, indicated that Cruz's "emphasis would be on testing scores, not on compliance with the requirements of the testing and other programs."[4]

The complaint alleges that earlier on the same day that he made his prediction to the Board, Cruz issued a memorandum removing Rodriguez from her Assistant Superintendent post and assigning her to a previously non-existent administrative position, which placed her in charge of textbooks and janitorial services. This reassignment conflicted with LISD policy because the School Board had not approved the new position at a public meeting.

Rodriguez filed a timely grievance protesting her reassignment. When Cruz denied the grievance, she appealed to the School Board. The Board permitted Rodriguez to make a ten-minute presentation before it, but ultimately took no action. Rodriguez then filed suit against LISD and Cruz, and they moved to dismiss her complaint for failure to state a claim. The district court granted the motion with respect to Rodriguez's § 1983 claim against Cruz, finding that Rodriguez had not alleged the violation of a right secured by the First Amendment in her complaint and that Cruz was therefore entitled to qualified immunity. Rodriguez appealed.

## ANALYSIS

A Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted is subject to de novo review and will

---

[4] Complaint ¶ 4.93.

not be affirmed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5] "To ascertain whether a complaint states a claim, we must construe the complaint liberally in the plaintiff's favor and accept all factual allegations in the complaint as true."[6]

In order to state a First Amendment retaliation claim under § 1983, a public employee must allege facts that could establish that (1) the employee suffered an adverse employment action; (2) the employee spoke on a matter of public concern; (3) the employee's interest in speaking outweighs his employer's interest in efficiency; and (4) the employee's speech motivated the adverse employment action.[7]

Properly limiting our focus to Rodriguez's complaint, we find that it satisfies the minimal pleading standard for each of the elements of a First Amendment retaliation claim. The district court therefore erred in dismissing Rodriguez's First Amendment claim under Rule 12(b)(6). Likewise, the district court's finding of qualified immunity in this case at the pleading stage was premature. We do not comment on the merits of the case and leave

---

[5] Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

[6] Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000).

[7] Serna v. City of San Antonio, 244 F.3d 479, 482 (5th Cir. 2001); Kennedy, 224 F.3d at 366.

it to the district court to decide what further proceedings are appropriate.

## CONCLUSION

The judgment of the district court is affirmed in part and reversed in part, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.[8]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[8] Rodriguez also appeals the district court's order awarding costs to LISD and Cruz. Our partial reversal on the merits operates to reverse the entire costs award. See 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.100[4][c] (3d ed. 2001).